# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST JAMAL NELSON, : | |
|     Plaintiff : | |
|     v. : | CIVIL ACTION NO. 1:09-1731 |
| JEFFERY BEARD; RAYMOND : | (CONNER, D.J.) |
| LAWLER; DR. P. SHOAF; MARY | (MANNION, M.J.) |
| SHOWALTER; B. CORBIN and : | |
| ALAN FOGEL, | |
|     : | |
|     Defendants | |

## REPORT AND RECOMMENDATION[1]

Pending before the court are the following: (1) an unopposed motion to dismiss the plaintiff's complaint filed on behalf of defendants Beard, Lawler, Showalter, Corbin, and Fogel, ("Corrections defendants"), (Doc. No. 14); (2) an unopposed motion for summary judgment filed on behalf of defendant Shoaf, (Doc. No. 18), and (3) a motion for preliminary injunction filed by the plaintiff, (Doc. No. 26).

## I. PROCEDURAL HISTORY

By way of relevant procedural background, on September 8, 2009, the plaintiff, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). By order dated September 11, 2009, it was directed that process issue. (Doc. No. 7).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

On November 23, 2009, the Corrections defendants filed their motion to dismiss the plaintiff's complaint. (Doc. No. 14). A brief in support of the motion was filed on December 7, 2009. (Doc. No. 15). As of the date of this report, the plaintiff has failed to file a brief in opposition to the Corrections defendants' motion to dismiss his complaint.

On March 24, 2010, defendant Shoaf filed a motion for summary judgment, (Doc. No. 18), along with a supporting brief, (Doc. No. 19), a statement of material facts, (Doc. No. 20), and supporting exhibits, (Doc. No. 21). As of the date of this report, the plaintiff has failed to file a brief in opposition to defendant Shoaf's motion for summary judgment.

On June 15, the plaintiff filed a motion for a preliminary injunction, (Doc. No. 26), along with a brief in support thereof, (Doc. No. 27). Upon review of the plaintiff's filing, although the plaintiff served the court with a copy of his motion and brief, there is no indication that he served the defendants with either. The plaintiff indicates that he did not do so because he did not have the address of the "district attorney" assigned to the case[2]. (Doc. No. 27, Attached Correspondence). However, all documents served upon the plaintiff by both counsel in this case have included their respective addresses.

---

[2]The court notes that no "district attorney" is involved in the plaintiff's case. The Corrections defendants are being represented by the Department of Corrections, Office of Chief Counsel, while defendant Shoaf is being represented by private counsel.

2

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v.

3

McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### B. Motion for Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

4

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988)(citations omitted). Material facts are those which will effect the outcome of the trial under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence nor make credibility determinations. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Id. at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Id.

## III. DISCUSSION

In his complaint, the plaintiff alleges that he suffers from "a huge postoperative ventral hernia secondary to a gunshot wound which entered the left buttock and extended into the abdomen in 1999." (Doc. No. 1, p. 2).

On June 18, 2009, the plaintiff alleges that he was examined by R. Samuel Magee, M.D., a surgeon with the Blair Medical Center, Altoona, Pennsylvania. (Doc. No. 1, p. 2).

On August 6, 2009, the plaintiff alleges that Dr. Magee wrote to defendant Shoaf at SCI-Huntingdon confirming that the plaintiff suffered from several small bowel obstructions and a postoperative ventral hernia for which he recommended removal of the bowel obstructions and repair of the hernia. (Doc. No. 1, Ex. B).

Despite Dr. Magee's recommendation, the plaintiff alleges that the defendants have failed to provide him with proper treatment for his condition. He alleges that he has filed numerous grievances with respect to his treatment which "were denied or given catch 22 objectives." (Doc. No. 1, Ex. A). The plaintiff alleges that the filing of these grievances placed all of the defendants on notice "of the facts of this case and [that they] were aware that Plaintiff was not being treated for the advised evaluation of his condition." (Doc. No. 1, p. 3).

6

Based upon the above allegations, the plaintiff claims that the defendants violated his Eighth Amendment right to proper medical treatment in violation of §1983. (Doc. No.1 , p. 3). Moreover, he sets forth state law claims for negligence and intentional infliction of emotional distress. (Doc. No. 1, pp. 5-7). The plaintiff is seeking injunctive relief in the form of proper medical treatment, as well as monetary damages. (Doc. No. 1, pp. 4, 6, 7).

### A. Corrections Defendants' Motion to Dismiss

In their motion to dismiss the plaintiff's complaint, the Corrections defendants initially argue that any claims against them in their official capacity are barred by the Eleventh Amendment. (Doc. No. 15, p. 5). The court agrees. See Cieniawa v. White, 2010 WL 2766170 (M.D.Pa., Jul. 13, 2010)(Conner, J.)(the Eleventh Amendment prohibits a lawsuit against defendants sued in their official capacities because the state is the real party in interest)(citing Melo v. Hafer, 912 F.2d 628, 635 (3d Cir.1990)). Therefore, the Corrections defendants' motion to dismiss the plaintiff's claims against them in their official capacity should be granted.

The Corrections defendants further argue that the plaintiff's complaint should be dismissed with respect to his §1983 claim because he has failed to allege any personal involvement by the Corrections defendants. (Doc. No. 15, p. 6).

To state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v.

7

Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Moreover, liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Here, other than naming the Corrections defendants in the caption of his complaint, the plaintiff has failed to set forth any allegations in his complaint which would indicate that they were personally involved in any violation of his constitutional rights. The plaintiff attaches to his complaint grievances which he filed at SCI-Huntingdon and alleges that the Corrections defendants were put on notice of his situation by way of these grievances. However, upon review, these grievances are addressed only to Connie Green, the Facility Grievance Coordinator, and do not reference any of the Corrections defendants named in the instant complaint. As such, there is nothing which would indicate that these grievances would have placed the Corrections defendants on notice of the plaintiff's claims. Given this, the Corrections defendants' motion to dismiss the plaintiff's §1983 claims should be granted.

The Corrections defendants also argue that the plaintiff's negligence claim should be dismissed based upon his failure to file a certificate of merit. Pennsylvania Rule of Civil Procedure 1042.3 requires that in an action "based upon an allegation that a licensed professional deviated from an acceptable professional standard" the plaintiff is required to file a certificate

8

of merit. This rule applies to pro se and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Perez v. Griffin, 2008 WL 2383072, \*3 (M.D.Pa., 2008)(Conner, J.)(citing Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); Maruca v. Hynick, No. 3:06-CV-00689, 2007 WL 675038 (M.D.Pa. Feb. 27, 2007)("[T]he language of Rule 1042.3(a) – i.e., "or the plaintiff if not represented . . . shall file . . . a certificate of merit" – expressly requires that a pro se plaintiff must file a certificate of merit.")).

Here, the plaintiff's complaint was filed on September 8, 2009. As of the date of this report, the plaintiff has neither filed a proper certificate of merit[3], nor requested an extension of time to do so. Therefore, Corrections defendants' motion to dismiss should be granted on this basis as well.

As a final matter, although the Corrections defendants have failed to address the plaintiff's state law claim for intentional infliction of emotional distress, it is clear from the plaintiff's complaint that he has failed to properly allege such a claim.

In Pennsylvania, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Taylor v. Albert Einstein Med. Ctr., 754

---

[3]The court notes that the plaintiff attached to his complaint his own certificate of merit which indicates that he thinks that the defendants deviated from an acceptable professional standard. However, this is insufficient under Pa.R.Civ.P. 1042.3.

9

A.2d 650, 652 (Pa. 2000). Such tortious conduct "'must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Hoy v. Angelone, 720 A. 2d 745, 753 (Pa. 1998)(quoting Buczek v. First National Bank of Mifflintown, 531 A.2d 1122, 1125 (Pa.Super. 1987)). Under this standard, "[i]t has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Daughen v. Fox, 539 A. 2d 858, 861 (Pa.Super. 1988)(quoting Restatement of Torts (2d) 46 Comment (d)).

In this case, there is no indication that the Corrections defendants were even involved in the circumstances which give rise to the plaintiff's complaint. Given this, the plaintiff has certainly failed to allege the behavior necessary in order to state a claim for intentional infliction of emotional distress. Therefore, the plaintiff's complaint should be dismissed as against the Corrections defendants on this claim as well.

### B. Defendant Shoaf's Motion for Summary Judgment

In conjunction with his motion for summary judgment, defendant Shoaf has provided a statement of material facts supported by the record[4].

---

[4]Contrary to Local Rule 56.1, the plaintiff has failed to file a separate, short and concise statement of the material facts, responding to the defendant's statement of material facts. As such the defendant's facts are deemed to be admitted.

10

Defendant Shoaf's statement of material facts establishes that the plaintiff's ideal weight is 140 to 170 pounds. The plaintiff's medical records indicate that his weight has fluctuated between 192 and 200 pounds.

The plaintiff was diagnosed with a ventral hernia after his admission to the state correctional system on November 2, 2000. The hernia was determined to be directly related to injuries which the plaintiff sustained from a gunshot wound to his abdomen, which created a defect in the plaintiff's abdominal wall. As a result of this injury, the plaintiff has been wearing an abdominal binder[5] since approximately November of 2000. The binders were replaced over the years when they wore out, when they caused discomfort, or needed to be wider.

On August 7, 2007, the plaintiff underwent right hip core decompression plus bone grafting due to avascular necrosis[6] in his right hip. The plaintiff's hip was noted to cause him pain both before and after surgery for which he was regularly seen in the medical department.

On March 26, 2008, it was noted that the abdominal binder which the plaintiff had been wearing was causing increased bowel problems. As a result, steps were taken to obtain a different binder.

On August 25, 2008, the plaintiff made complaints with respect to his

---

[5] An abdominal binder is "[a] wide band fastened snugly about the abdomen for support." Taber's Cyclopedic Medical Dictionary at 234 (19th ed. 2001).

[6] Avascular necrosis refers to the death of cells, tissues, or organs due to lack of blood vessels or poor blood supply. Taber's Cyclopedic Medical Dictionary at 199, 1364 (19th ed. 2001).

11

abdominal binder. A new binder was ordered and Tylenol was prescribed.

On January 9, 2009, the plaintiff was admitted to the infirmary for observation due to constipation. That same day, the plaintiff was transferred to the emergency room for complaints of abdominal pain where he underwent lab work and an x-ray. At that time, positive bowel sounds were noted. The plaintiff was discharged on January 11, 2009, with an indication that his constipation had resolved.

On January 28, 2009, defendant Shoaf examined the plaintiff. At that time, the plaintiff complained of hip pain and requested abdominal surgery. Defendant Shoaf noted that the plaintiff was supposed to be using his abdominal binder but had arrived for his appointment without it. Defendant Shoaf further noted that abdominal wall reconstruction was not indicated and often was more of a problem than a solution.

Through March 2009, the plaintiff followed regularly with defendant Shoaf at two week intervals. At these times, the plaintiff had regular prescriptions for pain medications as needed.

On March 25, 2009, defendant Shoaf met with the plaintiff. Defendant Shoaf indicated that he had reviewed the plaintiff's outside medical records, which had been requested as far back as February 3, 2009.

On April 14, 2009, the plaintiff was again examined by defendant Shoaf.

On May 28, 2009, defendant Shoaf approved the plaintiff for a surgical consult. Shortly thereafter, on June 1, 2009, defendant Shoaf completed the consult requesting approval for surgery to repair the plaintiff's hernia. This request was denied by Dr. Noel, the state medical director, who ordered an

alternate treatment plan of weight loss and an abdominal binder.

On June 18, 2009, the plaintiff was examined by Dr. Magee as previously approved by defendant Shoaf. Dr. Magee noted probable recurrent small bowel obstructions and recommended the plaintiff for a surgical hernia repair. According to Dr. Magee, the goal of the surgical repair would be to correct the weakened area that had developed in the scarred muscle tissue from the plaintiff's gunshot wound.

The plaintiff treated with defendant Shoaf on July 6, 11, 20, and 28, 2009, which resulted in defendant Shoaf ordering a high rise abdominal binder to support the plaintiff's abdominal wall defect.

On August 11, and August 18, 2009, the plaintiff's bowel sounds were noted to be normal. However, on August 18, 2009, defendant Shoaf ordered an ultrasound of the plaintiff's abdomen due to his complaints of pain. Also on August 18, 2009, defendant Shoaf placed the plaintiff on the treatment line every two weeks for cleansing of his abdomen because of the development of a sore.

On August 21, 2009, the plaintiff was examined by defendant Shoaf. At this time, the plaintiff was advised to eat half portions and participate in an aerobics class in order to reduce his weight.

On September 9, 2009, the plaintiff underwent the previously ordered ultrasound which indicated "[l]imited study due to post surgical scarring of the anterior abdominal wall. Non-visualization of the pancreas, spleen and gallbladder. Normal homogeneous liver. No evidence of free fluid. Normal right kidney. Hiatal hernia." No findings were noted which would indicate

13

bowel obstruction.

On September 14, 2009, the plaintiff was examined by a physician's assistant and inquired about having surgery. The physician's assistant contacted defendant Showalter who confirmed that the treatment plan was for the plaintiff to lose twenty pounds to maximize the chance of surgical repair being successful.

On September 17, 2009, the plaintiff developed a blister from wearing the new abdominal binder which was monitored and cleaned over approximately a three week period.

On October 2, 2009, the plaintiff again inquired about surgery, after which defendant Shoaf contacted recreation to determine whether the plaintiff could join health aerobics and the weight loss group. Defendant Shoaf also met with the plaintiff and again instructed him to eat smaller portions and walk the yard so that he could lose weight.

The defendant's materials provide that the plaintiff has no restrictions on playing sports and plays handball and basketball. The materials further provide that, after the plaintiff achieves his ideal weight, surgical repair will again be reviewed as weight loss would help reduce the overall risk of surgery and help to obtain a better surgical result.

Defendant Shoaf has provided that the plaintiff has not been in any distress during his examinations and that he is not aware of any excessive risk to the plaintiff's health or safety in not immediately conducting a surgical repair of the plaintiff's hernia.

Based upon the above facts, defendant Shoaf argues in his motion for

14

summary judgment that the plaintiff has failed to establish that he has acted with deliberate indifference. On this point, the court agrees.

In order to establish an Eighth Amendment claim based upon allegations of denial of proper medical care, an inmate must demonstrate a deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976). This standard requires both deliberate indifference on the part of the prison officials and a serious medical need on the part of the prisoner. See West v. Keve, 571 F.2d 158 (3d Cir. 1978).

A deliberate action is one which is intentional, requiring the actor to have knowledge of the events attributed to the injury and the ability to control the outcome. "To establish a constitutional violation, the indifference must be deliberate and the actions intentional." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). A mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives, does not support an Eighth Amendment claim. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

A medical need is "serious" where it has been "diagnosed by a physician as mandating treatment," or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (U.S. Mass. June 3, 1991) (No. 90-7632) (citing Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d

326, 347(3d Cir. 1987)).

The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional deprivation. Whitley v. Albers, 475 U.S. 312 (1986); Davidson v. O'Lone, 474 U.S. 344 (1986). In Daniels v. Williams, 474 U.S. 327 (1986), the Court noted that "lack of due care suggest no more than a failure to measure up to the conduct of a reasonable person." Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations. Wilson v. Seiter, 501 U.S. 294 (1991).

Further, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, the federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. See Ellison v. Scheipe, 570 F.Supp. 1361, 1363 (E.D.Pa. 1983); Inmates of Allegheny Jail v. Pierce, 612 F.2d 754,762 (3d Cir. 1979); See also Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. Farmer v. Carlson, supra, 685 F. Supp. at 1339.

Here, it is clear that the plaintiff has been receiving regular and consistent medical treatment. It is equally clear that the plaintiff simply disagrees with the treatment he has been receiving. While the plaintiff feels that he should receive immediate surgery (and defendant Shoaf previously recommended the plaintiff for surgery), the state medical director has opted

for an alternative to immediate surgery including weight loss and a new abdominal binder. Defendant Shoaf agrees that this is an acceptable alternative and finds no excessive risk to the plaintiff's health or safety if he does not receive immediate surgery. When the plaintiff reaches his ideal weight, a surgical option will again be considered. The actions of defendant Shoaf in the treatment of the plaintiff reflect his personal judgment and not deliberate indifference to the plaintiff's medical needs. Therefore, defendant Shoaf's motion for summary judgment should be granted on this basis.

By reference, defendant Shoaf incorporates the Correctional defendants' argument with respect to the plaintiff's claim for negligence. For the reasons set forth above, defendant Shoaf is entitled to summary judgment on the plaintiff's negligence claim.

Finally, defendant Shoaf argues that the plaintiff has failed to adequately set forth a claim for intentional infliction of emotional distress against him. Again, for the reasons set forth above addressing the Corrections defendants' motion to dismiss, any claim for intentional infliction of emotional distress should also be dismissed with respect to defendant Shoaf.

### C. Plaintiff's Motion for Preliminary Injunction

As previously set forth, the plaintiff has failed to serve his motion for a preliminary injunction upon the defendants, which is a basis for dismissal of the motion.

However, even despite the plaintiff's failure to serve the defendants with

his motion, it can be denied on alternative grounds. Specifically, in his motion, the plaintiff is seeking relief with respect to the deduction of monies from his inmate account and his placement in administrative custody. The plaintiff's request for relief is wholly unrelated to the claims raised in the instant complaint. In order to prevail on a motion for preliminary injunctive relief, the plaintiff must establish a relationship between the injury claimed in the motion and the conduct giving rise to his complaint. Gordon v. Lappin, 2006 WL 680822 (M.D.Pa., Mar. 13, 2006)(Nealon, J.)(citing Nicholson v. Murphy, 2003 WL 22909876 (D.Conn.)(citing Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir.1997)(reversing district court's granting of a motion for preliminary injunctive relief because the injury sought to be prevented through the preliminary injunction was unrelated to the injury which gave rise to the complaint)). Because the plaintiff has not established a relationship between the injury claimed in his motion and the conduct giving rise to his complaint, the plaintiff's motion for a preliminary injunction should be denied.

### IV. CONCLUSION

Based upon the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the Corrections defendants' motion to dismiss, **(Doc. No. 14)**, be **GRANTED** in its entirety;

**(2)** defendant Shoaf's motion for summary judgment, **(Doc. No. 18)**, be **GRANTED** in its entirety; and

**(3)** the plaintiff's motion for a preliminary injunction, **(Doc. No. 26)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 9, 2010
O:\shared\REPORTS\2009 Reports\09-1731-01.wpd